PER CURIAM.
 

 This matter is before the Court on the petition of The Florida Bar proposing amendments to Rule Regulating the Florida Bar 4-7.1.
 
 See
 
 R. Regulating Fla. Bar 1-12.1. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 In
 
 In re Amendments to Rules Regulating the Florida Bar-Advertising,
 
 971 So.2d 763 (Fla.2007) (Advertising), The Florida Bar filed a petition to amend several aspects of the lawyer advertising rules, including proposals to amend rule 4-7.1 (which provides general information regarding legal services, advertisements, and communications). Two of the amendments proposed in
 
 Advertising
 
 would have specifically exempted lawyer-to-lawyer communications, as well as communications between lawyers and their past and current clients, from the lawyer advertising rules.
 
 Id.
 
 at 764.
 
 [1]
 
 The Court deferred adoption of the two proposals at that time and invited the Bar to provide further support for its position.
 
 Id.
 

 [2]
 

 
 *177
 
 In response to the Court’s invitation, the Bar filed the instant petition on January 27, 2009, again seeking to amend rule 4-7.1. Formal notice of the proposed amendments was published in the April 1, 2009, issue of
 
 The Florida Bar News.
 
 The notice directed interested parties to file their comments directly with the Court. The Court received comments from three individuals. On February 11, 2010, the Court considered the petition and comments at oral argument.
 

 The Court adopts The Florida Bar’s proposal to add a subdivision to rule 4-7.1, which would exempt lawyer-to-lawyer communications from the advertising rules, as follows:
 

 (e) Communications Between Lawyers. Subchapter 4-7 shall not apply to communications between lawyers.
 

 After reviewing the proposed amendment that will become new subdivision (g), the Court has determined that the rule would benefit from further clarification. The Court modifies the Bar’s proposals for the rule and Comment as follows:
 

 (g) Communications With Current and Former Clients. Subchapter 4-7 shall not apply to communications between a lawyer and that lawyer’s own current and former clients. However, a lawyer shall not provide advertising materials to the lawyer’s own current or former clients that the lawyer received from other attorneys — a lawyer shall not serve as a conduit for other attorneys’ advertising. Further, as used in this rule, the term “former clients” does not include the clients or former clients of a public entity.
 

 Comment
 

 These rules do not apply to communications between lawyers, communications between lawyers and their own family members, communications between lawyers and their own current and former clients, or communications with a prospective client at that prospective client’s request. A lawyer shall not serve as a conduit for other attorneys’ advertising. Also, even if certain lawyer communications are exempt from the advertising rules, lawyers shall remain subject to the Rules Regulating the Florida Bar.
 

 
 *178
 
 One of the purposes of the advertising rules is to protect members of the public from false or misleading advertisements. With this purpose in mind, we state that lawyers are prohibited from using these two exceptions to evade the requirements of the advertising rules. A lawyer shall not provide advertising materials to the lawyer’s own current or former clients that the lawyer received from other attorneys. This shall include lawyer-to-lawyer newsletters and brochures, if the attorney who supplied those materials is prohibited from directly distributing them to the general public.
 

 In adopting these two exceptions from the advertising rules, we emphasize that all communications by lawyers remain subject to the Rules Regulating the Florida Bar. For example, lawyers remain subject to the conflict of interest rules that prevent lawyers from placing their interests above those of their clients. R. Regulating Fla. Bar 4-1.7(a)(2). Also, lawyers are prohibited from engaging in conduct involving “dishonesty, fraud, deceit, or misrepresentation,” regardless of the application of lawyer advertising rules. R. Regulating Fla. Bar 4-8.4(c). In addition, existing rule 4-7.1 contains a subdivision titled “Application of General Misconduct Rule,” which reiterates that lawyers are prohibited from engaging in conduct involving “dishonesty, deceit, or misrepresentation,” in any form of communication, regardless of whether the communication is governed by the advertising rules. R. Regulating Fla. Bar 4 — 7.1(g). Therefore, even though the instant proposals exempt two types of communication from the advertising rules, rule 4-7.1 continues to require all communications to comply with the rules requiring honesty and candor.
 

 Further, the Court requests that the Bar undertake a comprehensive and contemporary study of marketing, as recommended by Mr. Bill Wagner in his written and oral comments to the Court. As the parties have discussed the issues involved in lawyer advertising, it has become apparent that there are differences between advertising and marketing. Both areas require study and consideration for the Court and The Florida Bar to properly protect the public.
 

 Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on October 1, 2010, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULES OF PROFESSIONAL CONDUCT
 

 4-7 INFORMATION ABOUT LEGAL SERVICES
 

 RULE 4-7.1 GENERAL
 

 (a)-(d) [No Change]
 

 (e) Communications Between Lawyers. Subchapter 4-7 shall not apply to communications between lawyers.
 

 (ef) Communications With Family Members. Subchapter 4-7 shall not apply to communications between a lawyer and that lawyer’s own family members.
 

 (g) Communications With Current and Former Clients. Subchapter 4-7 shall not apply to communications between
 
 *179
 
 a lawyer and that lawyer’s own current and former clients. However, a lawyer shall not provide advertising materials to the lawyer’s own current or former clients that the lawyer received from other attorneys-a lawyer shall not serve as a conduit for other attorneys’ advertising. Further, as used in this rule, the term “former clients” does not include the clients or former clients of a public entity.
 

 (fh) Communications at a Prospective Client’s Request. Subchapter 4-7 shall not apply to communications between a lawyer and a prospective client if made at the request of that prospective client.
 

 (gi) Application of General Misconduct Rule. The general rule prohibiting a lawyer from engaging in conduct involving dishonesty, deceit, or misrepresentation applies to all communications by a lawyer, whether or not subchapter 4-7 applies to that communication.
 

 Comment
 

 To assist the public in obtaining legal services, lawyers should be allowed to make known them services not only through reputation but also through organized information campaigns in the form of advertising. The public’s need to know about legal services can be fulfilled in part through advertising that provides the public with useful, factual information about legal rights and needs and the availability and terms of legal services from a particular lawyer or law firm. This need is particularly acute in the case of persons of moderate means who have not made extensive use of legal services. Nevertheless, certain types of advertising by lawyers create the risk of practices that are misleading or overreaching and can create unwarranted expectations by persons untrained in the law. Such advertising can also adversely affect the public’s confidence and trust in our judicial system.
 

 In order to balance the public’s need for useful information, the state’s need to ensure a system by which justice will be administered fairly and properly, as well as the state’s need to regulate and monitor the advertising practices of lawyers, and a lawyer’s right to advertise the availability of the lawyer’s services to the public, these rules permit public dissemination of information concerning a lawyer’s name or firm name, address, and telephone number; the kinds of services the lawyer will undertake; the basis on which the lawyer’s fees are determined, including prices for specific services and payment and credit arrangements; a lawyer’s foreign language ability; names of references and, with their consent, names of clients regularly represented; and other factual information that might invite the attention of those seeking legal assistance.
 

 Regardless of medium, a lawyer’s advertisement should provide only useful, factual information presented in a nonsensa-tional manner. Advertisements utilizing slogans or jingles, oversized electrical and neon signs, or sound trucks fail to meet these standards and diminish public confidence in the legal system.
 

 These rules do not prohibit communications authorized by law, such as notice to members of a class in class action litigation.
 

 These rules apply to advertisements and written communications directed at prospective clients and concerning a lawyer’s or law firm’s availability to provide legal services. These rules do not apply to communications between lawyers, communications between lawyers and their own family members, communications between lawyers and their own current and former clients or communications with a prospective client at that prospective client’s request. A lawyer shall not serve as a conduit for other attorneys’ advertising.
 
 *180
 
 Also, even if certain lawyer communications are exempt from the advertising rules, lawyers shall remain subject to the Rules Regulating the Florida Bar.
 

 [1]
 

 . The proposals were the result of a study by The Florida Bar's Advertising Task Force
 
 *177
 
 2004 (Task Force) regarding subchapter 4-7 of the Rules Regulating the Florida Bar. That subchapter governs advertising by attorneys. The Task Force analyzed the advertising rules balancing three interests: (1) the protection of the public from false and misleading advertising; (2) the protection afforded to commercial speech by the First Amendment; and (3) the protection of the justice system and profession from denigration by improper advertising.
 

 The Task Force held several meetings, developed recommendations, and submitted the recommendations to the Board of Governors. The proposals were approved by the Board's Rules Committee and the Board's Disciplinary Procedures Committee.
 

 [2]
 

 . In
 
 Advertising,
 
 971 So.2d at 764, the Court asked the Bar to provide additional information regarding the two instant proposals:
 

 The Bar proposed several amendments to rule 4-7.1 (General), including adding subdivisions that would exempt certain areas from the advertising rules. The proposed exemptions included, along with other areas, communications with family members, communications between lawyers, and communications with current and former clients. We adopt the exemption in respect to communications with family members. We request further information from the Bar as to why communications between lawyers, and communications with current and former clients, should be exempted from the advertising rules, including any research or evidence supporting such exemptions. We defer adoption of those two exemptions at this time.